## MICHAEL CAHILL

*v.*

## JAMES WILSON.

1. HOMESTEAD—*lost by abandonment*. In 1859 a husband and wife executed a deed of trust upon premises which had been occupied by them as a homestead, the title to which was in the wife, there being no release of the homestead right. Two years prior thereto they removed from the premises and were continuously absent until 1862, a period of five years, one year of which they resided out of the county. The husband when he left had contracted to open a farm upon which he was to reside three years. During the absence the home premises were rented to different persons. They were sold under the trust deed in March, 1861: *Held*, that the homestead right was lost by abandonment, and that the lien attached while such abandonment was complete, and could not be defeated by returning and residing on the premises.

2. When a party left his homestead some two years before he incumbered the same, and changed his residence, accompanied by his family, with a view of opening a farm and bettering his condition, it seems that the

creditor could not be charged with information that the premises were claimed as a homestead, except by the actual residence of the party. The occupancy of a tenant will afford no notice of the right.

APPEAL from the Circuit Court of Stephenson County; the Hon. BENJ. R. SHELDON, Judge, presiding.

Mr. J. A. CRAIN, for the appellant.

Mr. U. D. MEACHAM, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The only question for determination is : Was there a homestead right, which would defeat a recovery in ejectment ?

In February, 1859, appellee and wife executed a trust deed on the premises in controversy. At a sale thereunder appellant purchased the property, and obtained a deed in March, 1861. The fee was in the wife of appellee at the date of the trust deed, which was formal in every respect, except there was no release of the homestead.

Was there an abandonment?

The evidence clearly shows that appellee and his wife, in 1857—two years prior to the execution of the trust deed—removed from the premises, and were continuously absent therefrom until in March, 1862 ; he had contracted to open a farm, upon which he was to remain for three years ; for one year or more of the five years of absence the family resided in another county ; during this time different persons had rented the property from appellee or his agent.

The only evidence bearing upon the intention to return and occupy the premises was, that appellee inquired of an attorney as to the mode of preserving his homestead rights.

The homestead, which might have been held under the law, was abandoned ; a residence had been acquired elsewhere ; and the abandonment was complete at the time of the execution of the trust deed ; the continued absence without any manifestation of an intention to return confirmed the abandonment ;

the party for whose benefit the trust deed was given had no information of the claim of a homestead right; under the circumstances of this case this could only exist by the actual residence of the party, and not by the occupancy of the tenant; the latter was no notice of the existence of the right, and its confirmation, in view of the conduct of the husband, would be the assurance of a fraud upon the purchaser. We can not encourage transactions tainted with bad faith.

The husband had the right to and did control the residence of the wife and children. He intentionally changed his residence, accompanied by his family, with the purpose of opening a farm and bettering his condition. The lien attached while the abandonment was perfect; and the return and residence on the premises, after the lapse of so many years, could not regain the lost right.

The principles involved in this case, and applicable to the facts, have been so fully decided and elaborately discussed in former opinions of this court, that it is only necessary to refer to them. *Cabeen* v. *Mulligan,* 37 Ill. 230; *Phillips* v. *City of Springfield,* 39 Ill. 83; *Titman* v. *Moore,* 43 Ill. 169; *Fergus* v. *Woodworth,* 44 Ill. 374; *Buck* v. *Conlogue,* 49 Ill. 392.

We are of opinion that, in this case, there was an abandonment of the homestead; and there was no satisfactory proof of the intention to return.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*